# EXHIBIT A

**EFiled: Jan 15 2016 01:46PM EST**
**Transaction ID 58436505**
**Case No. N16C-01-122 EMD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DIANE SPICER, | * | C.A. No. _____ |
| | * | |
| Plaintiff, | * | DEMAND FOR TRIAL BY JURY |
| | * | |
| v. | * | |
| | * | |
| SSD TECHNOLOGY PARTNERS, INC., | * | |
| | * | |
| and | * | |
| | * | |
| SOFTWARE SERVICES OF DELAWARE, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

## SUMMONS

**THE STATE OF DELAWARE,**
**TO THE SHERIFF OF NEW CASTLE COUNTY,**

**YOU ARE COMMANDED:**

To summons the following Defendants, SSD Technology Partners, Inc. and Software Services of Delaware, Inc., so within 20 days after service hereof upon Defendants, exclusive of the day of service, Defendants shall serve upon Daniel C. Herr, Esq., Plaintiff's Attorney, whose address is 1225 North King Street; Suite 1000, Wilmington, Delaware 19801, an Answer to the Complaint (and, if an Affidavit of Demand has been filed, an Affidavit of Defense).

To serve upon Defendant a copy hereof, of the Complaint (and an Affidavit of Demand, if any has been filed by Plaintiff), Answers to Form 30 Interrogatories, and any other documents required to be served.

                                      SHARON AGNEW
                                      **Prothonotary**

                                      _____

**Dated:**
Per Deputy

**TO THE ABOVE NAMED DEFENDANT(S):**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve on Plaintiff's Attorney named above an Answer to the Complaint (and, if an Affidavit of Demand has been filed, and Affidavit of Defense), judgment by default will be

rendered against you for the relief demanded in the Complaint (or in the Affidavit of Demand, if any).

<u>SHARON AGNEW</u>
**Prothonotary**

_____
**Per Deputy**

EFiled: Jan 15 2016 01:46PM EST
Transaction ID 58436505
Case No. N16C-01-122 EMD

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DIANE SPICER, | * | C.A. No. _____ |
| | * | |
| Plaintiff, | * | DEMAND FOR TRIAL BY JURY |
| | * | |
| v. | * | |
| | * | |
| SSD TECHNOLOGY PARTNERS, INC., | * | |
| | * | |
| and | * | |
| | * | |
| SOFTWARE SERVICES OF DELAWARE, INC., | * | |
| | * | |
| Defendants. | * | |
| | * | |

## PRAECIPE

To:   Prothonotary
      New Castle County Courthouse
      500 North King Street
      Wilmington, DE  19801

PLEASE ISSUE a writ of summons commanding the Sheriff of New Castle County to serve process upon Defendants SSD Technology Partners, Inc. and Software Services of Delaware, Inc. by serving a copy of the Summons together with a copy of the Complaint, and any other documents or papers requiring service herein upon the Defendants at the following addresses:

SSD Technology Partners, Inc.
C/O Lisa M. Detwiler, Registered Agent
1024 Justison Street
Wilmington, DE  19801

Software Services of Delaware, Inc.
C/O Lisa M. Detwiler, Registered Agent
1024 Justison Street
Wilmington, DE  19801

**THE NORMAN LAW FIRM**

DATED: January 15, 2016         By:   */s/Daniel C. Herr*
                                      Daniel C. Herr, Esquire, Bar ID 5497
                                      1225 North King Street; Ste 1000
                                      Wilmington, DE  19801
                                      (302) 595-9084
                                      dherr@thenormanlawfirm.com
                                      *Attorney for Plaintiff*

**SUPERIOR COURT**
**CIVIL CASE INFORMATION STATEMENT (CIS)**

EFiled: Jan 15 2016 01:46PM EST
Transaction ID 58436505
Case No. N16C-01-122 EMD

COUNTY:    (N)    K    S          CIVIL ACTION NUMBER:_____

| Caption: | Civil Case Code: __CMIS_____ |
|---|---|
| Diane Spicer, Plaintiff | Civil Case Type: __Civil Miscellaneous_____ |
| | (SEE REVERSE SIDE FOR CODE AND TYPE) |
| v. | Name and Status of Party filing document: |
| SSD Technology Partners, Inc. and | __Diane Spicer, Plaintiff_____ |
| Software Services of Delaware, Inc., Defendants | |
| | Document Type: (E.G.; COMPLAINT; ANSWER WITH COUNTERCLAIM) |
| | __Complaint_____ |
| | JURY DEMAND:   YES _X__   NO ____ |

| ATTORNEY NAME(S): | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS: |
|---|---|
| Daniel C. Herr, Esq. | |
| ATTORNEY ID(S): | |
| DE 5497 | |
| FIRM NAME: | EXPLAIN THE RELATIONSHIP(S): |
| The Norman Law Firm | |
| ADDRESS: | |
| 1225 North King Street; Ste 1000 | |
| Wilmington, DE 19801 | |
| TELEPHONE NUMBER: | |
| 302-595-9084 | OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT: |
| FAX NUMBER: | |
| 302-235-3712 | |
| E-MAIL ADDRESS: | |
| dherr@thenormanlawfirm.com | |
| | (IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED. THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

Revised 3/2008

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)
# INSTRUCTIONS

**CIVIL CASE TYPE**

Please select the appropriate civil case code and case type (e.g., **CODE** - **AADM** and **TYPE** - **Administrative Agency**) from the list below.  Enter this information in the designated spaces on the Case Information Statement.

| | |
|---|---|
| **APPEALS**<br>AADM - Administrative Agency<br>ACER -  Certiorari<br>ACCP -  Court of Common Pleas<br>AIAB -   Industrial Accident Board<br>APSC -  Public Service Commission<br>AUIB -  Unemployment Insurance Appeal Board<br><br>**COMPLAINTS**<br>CASB - Asbestos<br>CAAA - Auto Arb Appeal<br>CBEN - Benzene Cases<br>CMIS - Civil Miscellaneous<br>CACT - Class Action<br>CCON - Condemnation<br>CCLD - Complex Commercial Litigation Division **(NCC ONLY)**<br>CDBT - Debt/Breach of Contract<br>CDEJ - Declaratory Judgment<br>CDEF - Defamation<br>CEJM - Ejectment<br>CATT - Foreign & Domestic Attachment<br>CFJG - Foreign Judgment<br>CFRD - Fraud Enforcement<br>CINT -  Interpleader<br>CLEM - Lemon Law<br>CLIB -  Libel<br>CMAL - Malpractice<br>CMED - Medical Malpractice<br>CPEL -  Pelvic Mesh<br>CPIN -  Personal Injury<br>CPIA -  Personal Injury Auto<br>CPRL - Products Liability<br>CPRD - Property Damage<br>CRPV - Replevin<br>CSER - Seroquel Cases<br>CSPD - Summary Proceedings Dispute<br>CCCP - Transfer from CCP<br>CCHA - Transfer from Chancery<br><br>**INVOLUNTARY COMMITMENTS**<br>INVC- Involuntary Commitment | **MISCELLANEOUS**<br>MAGM - AG Motion - Civil/Criminal Investigations *<br>MADB - Appeal from Disability Board *<br>MAFF -  Application for Forfeiture<br>MAAT -  Appointment of Attorney<br>MGAR -  Appointment of Guardianship<br>MCED -  Cease and Desist Order<br>MCDR -  Child Death Review<br>MCON -  Civil Contempt/Capias<br>MCVP -   Civil Penalty<br>MSOJ -    Compel Satisfaction of Judgment<br>MSAM -  Compel Satisfaction of Mortgage<br>MCTO -  Consent Order<br>MIND -   Destruction of Indicia of Arrest *<br>MESP -    Excess Sheriff Proceeds<br>MHAC -  Habeas Corpus<br>MTOX -  Hazardous Substance Cleanup<br>MFOR -  Intercept of Forfeited Money<br>MISS -    Issuance of Subpoena<br>MLEX -    Lien Extension<br>MMAN -  Mandamus<br>MWIT -  Material Witness *<br>MWOT - Material Witness - Out of State<br>MRAT -  Motion for Risk Assessment<br>MROP -  Petition for Return of Property<br>MCRO -  Petition Requesting Order<br>MROD -  Road Resolution<br>MSEL -    Sell Real Estate for Property Tax<br>MSEM -  Set Aside Satisfaction of Mortgage<br>MSSS -  Set Aside Sheriff's Sale<br>MSET -  Structured Settlement<br>MTAX -  Tax Ditches<br>MREF -  Tax Intercept<br>MLAG -  Tax Lagoons<br>MVAC -  Vacate Public Road<br>MPOS -  Writ of Possession<br>MPRO -  Writ of Prohibition<br><br>**MORTGAGES**<br>MCOM - Mortgage Commercial<br>MMED - Mortgage Mediation<br>MORT - Mortgage Non-Mediation (Res.)<br><br>**MECHANICS LIENS**<br>LIEN - Mechanics Lien |

## * Not eFiled

**DUTY OF THE PLAINTIFF**

Each plaintiff/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the complaint.

**DUTY OF THE DEFENDANT**

Each defendant/counsel shall complete the attached Civil Case Information Statement (CIS) and file <u>with</u> the answer and/or first responsive pleading.

Revised 4/2012

**EFiled: Jan 15 2016 01:46PM EST**
**Transaction ID 58436505**
**Case No. N16C-01-122 EMD**

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DIANE SPICER, | * | C.A. No. _____ |
| | * | |
| Plaintiff, | * | DEMAND FOR TRIAL BY JURY |
| | * | |
| v. | * | |
| | * | |
| SSD TECHNOLOGY PARTNERS, INC., | * | |
| | * | |
| and | * | |
| | * | |
| SOFTWARE SERVICES OF DELAWARE, INC., | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

### COMPLAINT

COMES NOW, Diane Spicer, by and through her attorney, Daniel C. Herr, who brings this Complaint against Defendants SSD Technology Partners, Inc. and Software Services of Delaware, Inc., alleging as follows:

### FACTS

#### Parties

1. Plaintiff Diane Spicer ("Plaintiff") is a Delaware resident who may be contacted for purposes of this litigation through her attorney, Daniel C. Herr, Esquire at 1225 N. King Street, Suite 1000, Wilmington, DE 19801.

2. Defendants SSD Technology Partners, Inc. and Software Services of Delaware, Inc. (together "SSD" or "Defendants") are a Delaware corporations formed pursuant to the laws and regulations of Delaware. Defendants' registered agent is Lisa M. Detwiler, 1024 Justison Street, Wilmington, DE 19801.

#### Jurisdiction and Venue

1

3. This Court has jurisdiction over the claims asserted herein as Plaintiff worked in Delaware, is a resident of Delaware, and Defendants operate in and are incorporated in the State of Delaware. This is a civil action for damages arising under the Americans with Disabilities Act as Amended and Delaware Common Law.

4. Venue is properly in this Court as the events that lead to the following cause of action arose in New Castle County, Delaware, and Defendants are incorporated and conduct business in New Castle County, Delaware.

## Common Allegations of Fact

5. Plaintiff began working for SSD in or around August 2012.

6. Plaintiff's arrangement with SSD at that time was that in exchange for a lower rate of pay than what was customary, SSD would provide Plaintiff with a flexible schedule.

7. This included but was not limited to allowing Plaintiff to work from home and work early and/or late.

8. This included but was not limited to allowing Plaintiff to only work four days per week.

9. Further, Plaintiff was allowed to switch her off day with other work days.

10. Plaintiff had off from work on Wednesday, June 18, 2014.

11. That day, she saw a physician concerning three suspicious areas of her skin in or around her buttock, groin, and leg areas.

12. To Plaintiff's surprise, her physician immediately and surgically excised these suspicious areas on her skin.

13. This required incisions and stitches.

14. As a result of this procedure and the pain and discomfort Plaintiff was experiencing, Plaintiff sent SSD's Marketing Director Bobbie Brooks, who was Plaintiff's supervisor, a text

message informing her of the procedure and its effect on Plaintiff, informing Brooks that she could work a part day, and informing Brooks that Plaintiff would have to use paid time off. Plaintiff asked Brooks to call her at her convenience to discuss the matter.

15. Brooks responded that she was too busy to call and instructed Plaintiff use to use paid time off for her missed days.

16. Plaintiff then sent Brooks an email asking her if she could work a half day, because she preferred not to use her paid time off.

17. Plaintiff also asked Brooks whether SSD had any standing workstations, as Plaintiff was unable to sit for even brief periods of time without serious pain and discomfort.

18. Brooks responded that SSD did not have standing work stations and again instructed Plaintiff to use a paid time off day for Thursday, June 19, 2014 and Friday June 20, 2014.

19. Brooks wrote that she expected to see Plaintiff on Monday, June 23, 2014 unless Plaintiff had a doctor's note.

20. Plaintiff responded to Brooks's email that same day, June 19, 2014, expressing concern over using a paid time off day, and reasserting that she could not sit in a chair all day as a result of her surgical procedure that was causing her pain and discomfort (as well as blood oozing out of the incision-site).

21. Plaintiff informed Brooks she would be in on Monday, June 23, 2014.

22. Plaintiff came into work on Monday, June 23, 2014.

23. For approximately 90 minutes, Plaintiff worked with severe discomfort.

24. She could not sit for even brief periods of time, and as a result, took ibuprofen, took short walks, stood up intermittently, and sat on her left foot intermittently to relieve the pain and discomfort.

3

25. The relief Plaintiff experienced from sitting on her own foot was fleeting.

26. After the initial approximate 90-minute period, Plaintiff kneeled down on both of her knees in front of her computer to relieve the pain and discomfort to her incision sites.

27. She was able to continue working at her desk while she did this.

28. Plaintiff was on her knees for less than 60 seconds when Brooks came into Plaintiff's work area and admonished Plaintiff for kneeling.

29. While still kneeling, Plaintiff told Brooks that she was kneeling as a result of her stitches.

30. Brooks commanded Plaintiff to immediately go to SSD's Chief Operating Officer Lisa Detwiler's office.

31. Plaintiff complied.

32. When Plaintiff entered Detwiler's office, Brooks immediately terminated Plaintiff.

33. Plaintiff repeatedly asked Brooks and Detwiler why SSD was terminating her.

34. Brooks and Detwiler did not provide Plaintiff with any reason.

35. Brooks and Detwiler acted as agents, employees, and/or owners of SSD at all relevant times.

36. Plaintiff formalized a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") for Americans with Disabilities Act Discrimination and Retaliation on or about April 2, 2015.

37. On October 21, 2015, the EEOC issued Plaintiff a Right to Sue Notice.

## COUNT 1: AMERICANS WITH DISABILITIES ACT DISCRIMINATION - BOTH DEFENDANTS

38. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

39. As a result of the procedure Plaintiff underwent, she could not sit, even for brief periods of time.

40. Plaintiff made SSD aware of this issue.

41. Plaintiff asked SSD for an accommodation – a standing workstation.

42. Plaintiff was able to perform the essential functions of her job, even without the accommodation she requested.

43. Accordingly, Plaintiff came to work on June 23, 2014, and worked through her inability to sit.

44. By doing so, Plaintiff was not a distraction to others and did not disrupt SSD's business.

45. Plaintiff kneeling before her desk also amounted to a request for a reasonable accommodation, particularly when SSD, by and through its agent(s), viewed Plaintiff doing kneeling before her desk.

46. Further, Plaintiff explained to Brooks that she was kneeling as a result of her stitches – that, as well, amounted to a requested for a reasonable accommodation.

47. SSD knew or should have known that Plaintiff kneeling before her desk while working was an effort to work through her inability to sit at her desk.

48. As a result of Plaintiff coming to work on June 23, 2014 and working through her inability to sit, including briefly kneeling before her desk while working, SSD terminated Plaintiff.

49. As a direct and proximate result, Plaintiff has suffered economic damages and emotional distress

**COUNT 2: AMERICANS WITH DISABILITIES ACT RETALIATION –
BOTH DEFENDANTS**

50. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

51. Plaintiff informed SSD that she underwent the procedure and could not sit.

52. Plaintiff, thereafter, took paid time off.

53. Plaintiff requested a reasonable accommodation – a standing workstation.

54. Plaintiff then came to work and kneeled before her computer in an effort to work through her inability to sit.

55. Plaintiff explained to Brooks that she was kneeling because of her stitches.

56. As a direct result of that alleged in this Count, SSD terminated Plaintiff.

57. As a direct and proximate result, Plaintiff has suffered economic damages and emotional distress.

**COUNT 3:  BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

58. Plaintiff re-alleges and incorporates by reference all allegations and paragraphs in this complaint (except those that are inconsistent with this cause of action, including but not limited pleadings in the alternative), above and below, as though fully set forth herein.

59. SSD has justified its termination of Plaintiff as a result of purported excessive absences.

60. Plaintiff was not excessively absent, and all of her absences were approved by SSD by and through its employees and agents.

61. Nevertheless, SSD created a false record concerning Plaintiff, claiming she was absent from work when she was not.

62. SSD terminated Plaintiff as a result of this false record.

63. As a direct and proximate result, Plaintiff has suffered economic damages and emotional distress.

### **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. All lawful compensatory damages, in an amount to be determined, against Defendants.

B. Nominal damages.

C. Punitive damages.

D. Reasonable attorneys' fees pursuant to the Americans with Disabilities Act as Amended.

E. Such other relief as this Court deems just and equitable.

F. Pre and post-judgment interest.

G. Costs.

H. Trial by Jury.

**THE NORMAN LAW FIRM**

Date: January 15, 2016

 _/s/Daniel C. Herr_
Daniel C. Herr, Esquire, Bar ID 5497
1225 N. King Street, Suite 1000
Wilmington, DE 19801
(302) 595-9084
dherr@thenormanlawfirm.com
*Attorney for Plaintiff*